**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NUMBER: 4:20CR030 ALM/KPJ** |
| | § | |
| | § | |
| | § | |
| **BLAKE TYLER MERCER** | § | |

**REPORT AND RECOMMENDATION ON**
**DEFENDANT'S COMPETENCY TO STAND TRIAL**

Pursuant to 28 U.S.C. § 636(b) and the Local Rules for the United States District Court for the Eastern District of Texas, this criminal proceeding is before the undersigned United States Magistrate Judge.

On March 24, 2021, Defendant's counsel filed a motion seeking a psychiatric or psychological exam to determine if Defendant was suffering from a mental disease or defect rendering Defendant mentally incompetent to the extent he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. The Court granted that motion on March 25, 2021. (Dkt. Nos. 33, 34) Defendant was subsequently evaluated by Dr. Samuel Browning, in Fort Worth, Texas, and found to be competent.

Dr. Browning's psychiatric report concludes, "The defendant does not appear to suffer from a mental disease rending him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense."

A competency hearing was conducted on October 18, 2021. At the hearing, Defendant appeared in court with his counsel, Frank Henderson. Mr. Henderson did not present any objections to Dr. Samuel Browning's opinion on competency. Neither party objected to the

admissibility of the report detailing the results and findings; therefore, the Court admitted it into evidence under seal.

The undersigned concludes that Defendant is able to understand the nature and consequences of the proceedings against him and to assist properly in his defense. Defendant has a rational and factual understanding of the proceedings against him, and has sufficient present ability to consult with his attorney with a reasonable degree of rational understanding.  18 U.S.C. § 4241(d); see also Dusky v. United States, 362 U.S. 402 (1960)

## RECOMMENDATION

The court should find Defendant competent to stand trial because he understands the nature and consequences of the proceeding against him and is able to assist in his defense.  See 18 U.S.C. § 4241.  It is further recommended that the speedy trial time be excluded from March 24, 2021 (the date the Defendant filed a Motion for Psychiatric Exam), until the date on which the District Judge signs the order adopting this report and recommendation.

## OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this Report and Recommendation. Objections to this report must:  (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this Report.  See 28 U.S.C. § 636(b)(1)(c); FED R. CIV. P. 72(b)(2).  A party who objects to this Report is entitled to a de novo determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made.  See 28 U.S.C. § 636(b)(1); FED R. CIV. P. 72(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this Report, within fourteen (14) days of being served with a copy of this Report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, see Rodriguez v. Bowen, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, see Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, at 1428–29 (5th Cir. 1996) (en banc).

**So ORDERED and SIGNED this 19th day of October, 2021.**

KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE